THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LI LIU,<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>KEEGAN KELL,<br><br>　　　　　　Defendant. | CASE NO. C17-0640-JCC<br><br>ORDER ON MOTIONS FOR<br>SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff Li Liu's motion for summary judgment on affirmative defenses raised by Defendant Keegan Kell (Dkt. No. 19), and Kell's cross-motion for summary judgment on the defense of *res judicata* (Dkt. No. 22). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Liu's motion (Dkt. No. 19), and DENIES Kell's motion (Dkt. No. 22) for the reasons explained herein.

**I.　　BACKGROUND**

The following facts are undisputed. Liu is a citizen of China and a permanent resident of the United States. (Dkt. No. 2 at 2.) She gained residency after marrying Kell, who served as her immigration sponsor. (*Id*. at 3.) As a condition of her visa, Kell signed a Form I-864EZ, Affidavit of Support ("I-864 Affidavit"). (Dkt. Nos. 2 at 3, 22 at 2.) The I-864 Affidavit represents a binding agreement between a sponsor and the U.S. government for the benefit of the

sponsored immigrant. *Erler v. Erler*, 824 F.3d 1173, 1175 (9th Cir. 2016) (citing 8 U.S.C. § 1183a(a)(1); 8 C.F.R. § 213a.2(d)). Kell is obligated to provide sufficient support to Liu to ensure she receives income equal to at least "125 percent of the Federal poverty line during the period in which the affidavit is enforceable." 8 U.S.C. § 1183a(a)(1)(A). This obligation remains enforceable until Liu: (1) becomes a U.S. citizen, (2) is credited with 40 quarters of coverage under the Social Security Act, (3) leaves the U.S. and terminates permanent resident status, (4) is the subject of a new affidavit of support, or (5) dies. 8 U.S.C. § 1183a(a)(2)–(3); 8 C.F.R. § 213a.2(e)(2)(i). None of these terminating events have occurred in this case (Dkt. No. 2 at 5.)

The couple recently divorced. (Dkt. No. 22 at 6.) During the dissolution proceeding before the Thurston County Superior Court, Liu sought ongoing spousal maintenance, both on the basis of Washington's spousal maintenance requirements and on the basis of the I-864 Affidavit. (Dkt. Nos. 19 at 8, 22 at 2.) The court denied spousal maintenance. (Dkt. Nos. 22 at 6, 30 at 4.)

Liu brings suit before this Court, seeking enforcement of the I-864 Affidavit. (Dkt. No. 2.) Kell asserts the following defenses: (1) *res judicata*, (2) failure to mitigate, (3) waiver, and (4) equitable estoppel. (Dkt. Nos. 11 at 6–7, 25 at 13–21.) Kell also seeks to reserve additional defenses as deemed "appropriate." (Dkt. No. 11 at 7.) Liu asks the Court to grant summary judgment as to Kell's defenses, asserting none are permissible as a matter of law. (Dkt. No. 19 at 4.) Kell cross-moves for summary judgment, asserting Liu's claims are barred by *res judicata* because they were raised in the dissolution proceeding. (Dkt. No. 22.)

## II. DISCUSSION

As a threshold matter, Kell asserts Liu's motion should be characterized as a motion to strike under Federal Rule of Civil Procedure 12(f). Kell provides no authority for this assertion. Moreover, this Court routinely treat motions presenting evidence beyond the pleadings as summary judgment motions. *See, e.g.*, *Rookaird v. BNSF Ry. Co.*, No. C14-0176-RSL, Dkt. No. 75 (W.D. Wash. June 2, 2015); *Smith v. Ardew Wood Products, Ltd.*, C07-5641-RJB, Dkt. No.

63 (W.D. Wash. Jan. 5, 2009). As both of the parties' motions present significant evidence beyond the pleadings, the Court will treat each as motions for summary judgment.

### A. Summary Judgment Standard

The Court grants summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In doing so, the Court must view the facts and justifiable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). However, if the defendant moves for summary judgment based on an affirmative defense, the defendant "must establish beyond peradventure all of the essential elements of the . . . defense to warrant judgment in his favor." *Martin v. Alamo Cmty. College Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).

### B. Res Judicata

Kell moves for summary judgment on the basis of *res judicata*; namely, that Liu is precluded from litigating her claim to enforce the I-864 Affidavit because she already could have, and indeed did, raise the issue in her dissolution proceeding before the Thurston County Superior Court (Dkt. No. 22 at 6). Conversely, Liu moves for summary judgment on Kell's *res judicata* defense, asserting that it is impermissible as a matter of law. (Dkt. No. 19 at 6.) Liu has the better argument.

The doctrine of *res judicata* ensures the finality of judgments by preventing parties from litigating a matter that has been or could have been litigated. *See Marino Prop. Co. v. Port Comm'rs of the Port of Seattle*, 644 P.2d 1181, 1184–85 (Wash. 1982). To determine whether the doctrine bars a suit, the Court looks to the *res judicata* rules of the state from which the original judgment arises. *See Marrese v. American Acad. of Orthopaedic Surgeons*, 470 U.S.

373, 380 (1985) (full faith and credit statute dictates that states determine the preclusive effect of their judgments). Under Washington law, if a court, in a marital dissolution action, "did not adjudicate an action for breach of the sponsor's I-864 obligation," then the obligee "will not be precluded from asserting her I-864 contract right in a separate action." *In re Marriage of Khan* 332 P.3d 1016, 1020 (2014). As discussed below, the undisputed evidence indicates that the Thurston County Superior Court *did not* adjudicate Kell's I-864 support obligation during the dissolution action. On this basis, *res judicata* is inapplicable.

Kell points to four instances where Liu referenced the I-864 Affidavit and chacterizes her statements as asserting a breach of contract claim. (Dkt. No. 22 at 13.) The Court disagrees. Liu's statements are better characterized as equitable arguments supporting a spousal maintenance determination under Washington law.

First, in Liu's pro se response to Kell's marital dissolution petition, she argued for spousal maintenance. (Dkt. No. 23-2 at 4–5.) Included within her three paragraph spousal maintenance argument was the following statement: "the petitioner promised respondent to support the respondent financially as her sponsor for her immigration petition." (*Id*. at 4.) While Washington courts have found that some claims for relief included in a response to a dissolution petition may be treated as a counterclaim, *see In re Marriage of Parker*, 897 P.2d 402, 411 (Wash. Ct. App. 1995), no court has ever done so in the context of an I-864 support obligation. Liu's statement in support of spousal maintenance would not meet Washington's liberal pleading standard for counterclaims. *See* Wash. Super. Ct. Civ. R. 8; *Puget Sound Sec. Patrol, Inc. v. Bates*, 389 P.3d 709, 716 (Wash. Ct. App. 2017).

Second in a two-page personal letter to the court describing her financial circumstances as "helpless and dire," Liu notes that her "husband promised to support me financially as my sponsor for my immigration petition." (Dkt. No. 23-3 at 2.) Again, the Court finds that this letter would not meet the pleading standard for a counterclaim. *See* Wash. Super. Ct. Civ. R. 8.

Third, in a declaration attached to a motion prepared by counsel for a temporary

maintenance order, Liu makes reference to the I-864 Affidavit, indicating that "I believe that this court has [jurisdiction to enforce the I-864 support obligation] through this dissolution proceeding." (Dkt. No. 31-2 at 4.) But this motion was for the limited purpose of seeking temporary spousal maintenance. *See* Wash. Rev. Code § 26.09.060. Kell points to no authority that a declaration attached to such a motion represents a properly-plead counterclaim, nor is the Court aware of any. *See* Wash. Super. Ct. Civ. R. 8.

Finally, in a letter prepared by counsel to a settlement conference judge outlining Liu's positions regarding various aspects of the dissolution, Liu discusses the I-864 Affidavit at length. (Dkt. No. 24-1 at 5.) But she acknowledges that *Kahn* "does not mandate enforcement [of the Affidavit] in state court" so "[she] is prepared to pursue enforcement in federal court if this court declines to [do so]." (*Id.*) The Court again fails to see how this represents a properly-plead counterclaim. The judge presiding over the settlement conference was not the judge assigned to adjudicate her dissolution and did not have the authority to make any binding rulings through the settlement process on her dissolution proceeding. (Dkt. No. 30 at 17.) Nor does Kell point to any authority that such a letter could be the basis of a properly-plead counterclaim. *See* Wash. Super. Ct. Civ. R. 8.

Because the undisputed evidence shows Liu never raised and the court never adjudicated her I-864 breach of contract claim, summary judgment for Liu is appropriate as to *res judicata*. The Court GRANTS summary judgment to Liu (Dkt. No. 19 at 6) and DENIES summary judgment to Kell on this issue (Dkt. No. 22).

**C.    Failure to Mitigate**

Liu asserts that Kell's failure to mitigate defense is impermissible as a matter of law. (Dkt. No. 19 at 11.) According to Liu, "[e]very court to have reached a holding on the issue has held the duty to mitigate simply does not apply in lawsuits to recover support under the Form I-864." (*Id.* at 12.) Kell does not dispute this assertion. Instead, he argues that a duty to mitigate is inherent in contract disputes and further argues that imposing such a duty here would support a

policy of self-sufficiency. (Dkt. No. 25 at 13–16.)

The Court does not find Kell's argument persuasive. At issue in this instance is not state contract law, but federal law. The federal law underlying the I-864 Affidavit clearly specifies the instances in which the support obligation can be avoided. 8 U.S.C. § 1183a(a)(2)–(3). None of the criteria are met by an immigrant's willful failure to seek employment. The Court will not look beyond such clear statutory language. *U.S. v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 11 (2008) (there is a strong presumption that the language of the statute controls); *see U.S. v. Smith*, 499 U.S. 160, 167 (1991) (courts should not add to explicit statutory exceptions). Moreover, even if the statutory language were not so clear, while an immigrant's self-sufficiency may be a compelling goal, it is not the purpose of the I-864 Affidavit, which is to ensure the immigrant does not become a "public charge." *Wenfang Liu v. Mund*, 686 F.3d 418, 422 (7th Cir. 2012) (citing H.R. Rep. No. 104–828, p. 241 (1996)). The onus is on the sponsor, not the sponsored party or the government. By ensuring the sponsor's continued support of that immigrant, the I-864 accomplishes that goal.

The Court GRANTS summary judgment to Liu on Kell's failure to mitigate defense (Dkt. No. 19 at 11–15.)

**D.  Waiver**

Kell asserts that by failing to immediately bring separate suit seeking enforcement of Kell's I-864 support obligation once the Thurston County Superior Court issued its dissolution decree, she waived her right to support from Kell up to the point she did bring suit. (Dkt. No. 25 at 19.) Liu asserts Kell's waiver defense fails as a matter of law. (Dkt. No. 19 at 16–18.) The court agrees with Liu. *Erler v. Erler* can be reasonably interpreted to stand for the proposition that waiver is not permissible under the statute. 824 F.3d at 1177 (a sponsor cannot "unilaterally absolve himself of his contractual obligation with the government by contracting with" the sponsored person). Moreover, as discussed above, the statute provides an exhaustive list of terminating events. Waiver is not on that list. *See* 8 U.S.C. § 1183a(a)(2)–(3). A sponsored

1  person's failure to enforce the obligation does not absolve the sponsor under the law.

2  The Court GRANTS summary judgment to Liu on Kell's waiver defense (Dkt. No. 19 at
3  16–17.)

### E. Equitable Estoppel

Kell asserts that he was duped into signing the I-864 Affidavit and, therefore, the defense of equitable estoppel should apply to his resulting support obligation. (Dkt. No. 25 at 20.) He alleges that the marriage was part of Liu's grand plan to secure permanent resident status in the U.S. (Dkt. Nos. 25 at 2–4, 26 at 1–3.) He claims that she was kind to him when they met and married in China, but upon arriving in the U.S., Liu engaged in abusive conduct meant to prompt him to divorce her, which he eventually did. (*Id.*)

The defense of equitable estoppel, while rare, has broad application. *See, e.g.*, *Baccei v. U.S.*, 632 F.3d 1140, 1147 (9th Cir. 2011) (applying it to I.R.S. collection activities); *U.S. v. Georgia-P. Co.*, 421 F.2d 92, 95 (9th Cir. 1970) (applying it to a contract between the U.S. Government and a landowner). Under the doctrine, a court may "adjust[] the relative rights of parties based upon consideration of justice and good conscience." *Id.* at 95. The elements are: (1) knowledge by the party to be estopped, (2) intent by that party that his or her conduct be acted upon, (3) lack of knowledge by the party claiming estoppel, and (4) reliance and injury by the party claiming estoppel. *Baccei*, 632 F.3d at 1147. Liu does not factually challenge whether Kell meets these elements. Instead, she asserts this defense fails as a matter of law. (Dkt. No. 19 at 19.)

Liu asserts that because she could not explicitly waive her I-864 support rights, *see Erler*, 824 F.3d at 1177, she could not do so through conduct. (Dkt. No. 19 at 19.) This argument misses the mark. Kell, by asserting equitable estoppel, is not arguing that Liu promised to waive her rights and then reneged. He argues that he was mislead into establishing her rights in the first place, and that this is a basis for application of equitable estoppel. (Dkt. Nos. 25 at 2–4, 26 at 1–3.) Because Liu does not address Kell's argument, her summary judgment motion must fail as a

matter of law.

The Court DENIES summary judgment to Liu on Kell's equitable estoppel defense. (Dkt. No. 19 at 19–20.) As a matter of law, Kell may raise this affirmative defense.

### F. Additional Defenses

Finally, Liu asks the Court to issue summary judgment on Kell's final defense—his desire to reserve the right to raise additional defenses "as appropriate." (Dkt. Nos. 11 at 7, 19 at 24). The Court views Kell's final defense as no more than a statement of fact. To the extent the rules permit Kell to raise a defense, Kell simply reserved the right to do so. This is not a defense and, as such, does not warrant a summary judgment ruling.

The Court DENIES summary judgment to Liu on Kell's assertion that he may raise additional defenses, as appropriate. (Dkt. No. 19 at 24.) Kell may raise additional defenses *as appropriate* under the Federal Rules of Civil Procedure.

## III. CONCLUSION

For the foregoing reasons, Liu's motion for summary judgment (Dkt. No. 19) is GRANTED in part and DENIED in part and Kell's cross-motion for summary judgment (Dkt. No. 22) is DENIED.

DATED this 26th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE