1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

| | |
|---|---|
| LI LIU, | CASE NO. C17-0640-JCC |
| Plaintiff, | ORDER |
| v. | |
| KEEGAN KELL, | |
| Defendant. | |

15    This matter comes before the Court on Plaintiff's motion for a protective order (Dkt. No.

16 37). Having thoroughly considered the parties' briefing and the relevant record, the Court

17 GRANTS the motion in part and DENIES the motion in part.

18    Defendant seeks certain financial information from Plaintiff to assist in his defense to

19 Plaintiff's action seeking enforcement of her I-864 support obligation. (Dkt. No. 40 at 1–2.)

20 Namely, Defendant seeks Plaintiff's Free Application for Federal Student Aid ("FAFSA")

21 application, PayPal transaction history, bank statements, and food assistance applications. (Dkt.

22 No. 37 at 6.) Plaintiff agrees the information is discoverable. (Dkt. No. 41 at 2.) But she believes

23 Defendant will misuse this information. (*Id*. at 2–4.) Plaintiff sought a stipulated protective

24 order, which Defendant refused to provide. (*Id*.) Plaintiff now moves the Court for a protective

25 order precluding disclosure of the information described above for purposes outside of this

26 dispute. (*See* Dkt. No. 37-2.)

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending -- or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed. R. Civ. P. 26(c).

Plaintiff "has the burden of proving 'good cause,' which requires a showing that specific prejudice or harm will result if the protective order is not granted." *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Plaintiff has demonstrated good cause for entering the order Plaintiff seeks, but only to the extent Defendant does not have a disclosure obligation for that information. *See Phillips Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002) (the Court must balance "the public and private interests to decide whether a protective order is necessary.").

For the foregoing reasons, the Court GRANTS Plaintiff's motion (Dkt. No. 37) in part and DENIES the motion in part. The Clerk is DIRECTED to enter the protective order below. The discovery period for the documents referenced in the order, *see infra* section 2, is EXTENDED as necessary for Plaintiff to produce the documents, but not for any other purpose. The Court DENIES Plaintiff's request for attorney fees. (Dkt. No. 37 at 7.) The parties reasonably dispute whether Plaintiff has shown good cause for a protective order. As such, an award of fees would be unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii).

//
//
//
//
//
//
//

1        1.        PURPOSES AND LIMITATIONS

2        Discovery in this action is likely to involve production of confidential, proprietary, or

3    private information for which special protection may be warranted. Accordingly the Court enters

4    the following Protective Order. This Order is consistent with Local Civil Rule 26(c). It does not

5    confer blanket protection on all disclosures or responses to discovery, the protection it affords

6    from public disclosure and use extends only to the limited information or items that are entitled

7    to confidential treatment under the applicable legal principles, and it does not presumptively

8    entitle parties to file confidential information under seal.

9        2.        "CONFIDENTIAL" MATERIAL

10        "Confidential" material shall include the following documents and tangible things

11    produced or otherwise exchanged: all Free Application for Federal Student Aid (FAFSA)

12    applications signed by Plaintiff; Plaintiff's applications for food assistance; and Plaintiff's

13    PayPal transaction history and bank statements (including those jointly held with Plaintiff's

14    husband Adam Higley).

15        3.        SCOPE

16        The protections conferred by this agreement cover not only confidential material (as

17    defined above), but also (1) any information copied or extracted from confidential material; (2)

18    all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony,

19    conversations, or presentations by parties or their counsel that might reveal confidential material.

20        However, the protections conferred by this agreement do not cover information that in the

21    public domain or that which becomes part of the public domain through trial or otherwise.

22        4.        ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

23        4.1        Basic Principles. A receiving party may use confidential material that is disclosed

24    or produced by another party or by a non-party in connection with this case only for prosecuting,

25    defending, or attempting to settle this litigation. Confidential material may be disclosed only to

26    the categories of persons and under the conditions described in this agreement. Confidential

ORDER
C17-0640-JCC
PAGE - 3

1   material must be stored and maintained by a receiving party at a location and in a secure manner

2   that ensures that access is limited to the persons authorized under this agreement.

3   4.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise

4   ordered by the Court or permitted in writing by the designating party, a receiving party may

5   disclose any confidential material only to:

6   (a)    the receiving party's counsel of record in this action, as well as employees of

7   counsel to whom it is reasonably necessary to disclose the information for this litigation;

8   (b)    the officers, directors, and employees (including in house counsel) of the

9   receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties

10  agree that a particular document or material produced is for Attorney's Eyes Only and is so

11  designated;

12  (c)    experts and consultants to whom disclosure is reasonably necessary for this

13  litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

14  (d)    the Court, court personnel, and court reporters and their staff;

15  (e)    copy or imaging services retained by counsel to assist in the duplication of

16  confidential material, provided that counsel for the party retaining the copy or imaging service

17  instructs the service not to disclose any confidential material to third parties and to immediately

18  return all originals and copies of any confidential material;

19  (f)    during their depositions, witnesses in the action to whom disclosure is reasonably

20  necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

21  A), unless otherwise agreed by the designating party or ordered by the Court. Pages of

22  transcribed deposition testimony or exhibits to depositions that reveal confidential material must

23  be separately bound by the court reporter and may not be disclosed to anyone except as permitted

24  under this agreement;

25  (g)    the author or recipient of a document containing the information or a custodian or

26  other person who otherwise possessed or knew the information; and

1         (h)     any Federal or State agency for which a party has a reporting obligation.

2         4.3     Filing Confidential Material. Before filing confidential material or discussing or

3 referencing such material in court filings, the filing party shall confer with the designating party

4 to determine whether the designating party will remove the confidential designation, whether the

5 document can be redacted, or whether a motion to seal or stipulation and proposed order is

6 warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the

7 standards that will be applied when a party seeks permission from the Court to file material

8 under seal.

9         5.        DESIGNATING PROTECTED MATERIAL

10         5.1     Exercise of Restraint and Care in Designating Material for Protection. Each party

11 or non-party that designates information or items for protection under this agreement must take

12 care to limit any such designation to specific material that qualifies under the appropriate

13 standards. The designating party must designate for protection only those parts of material,

14 documents, items, or oral or written communications that qualify, so that other portions of the

15 material, documents, items, or communications for which protection is not warranted are not

16 swept unjustifiably within the ambit of this agreement.

17         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

18 shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

19 unnecessarily encumber or delay the case development process or to impose unnecessary

20 expenses and burdens on other parties) expose the designating party to sanctions.

21         If it comes to a designating party's attention that information or items that it designated

22 for protection do not qualify for protection, the designating party must promptly notify all other

23 parties that it is withdrawing the mistaken designation.

24         5.2     Manner and Timing of Designations. Except as otherwise provided in this

25 agreement, *see infra* second paragraph of section 5.2(a), or as otherwise stipulated or ordered,

26 disclosure or discovery material that qualifies for protection under this agreement must be clearly

1  so designated before or when the material is disclosed or produced.

2       (a)     Information in documentary form: (e.g., paper or electronic documents and

3  deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings),

4  the designating party must affix the word "CONFIDENTIAL" to each page that contains

5  confidential material. If only a portion or portions of the material on a page qualifies for

6  protection, the producing party also must clearly identify the protected portion(s) (e.g., by

7  making appropriate markings in the margins).

8       (b)     Testimony given in deposition or in other pretrial proceedings: the parties and any

9  participating non-parties must identify on the record, during the deposition or other pretrial

10  proceeding, all protected testimony, without prejudice to their right to so designate other

11  testimony after reviewing the transcript. Any party or non-party may, within fifteen days after

12  receiving the transcript of the deposition or other pretrial proceeding, designate portions of the

13  transcript, or exhibits thereto, as confidential.  If a party or non-party desires to protect

14  confidential information at trial, the issue should be addressed during the pre-trial conference.

15       (c)     Other tangible items: the producing party must affix in a prominent place on the

16  exterior of the container or containers in which the information or item is stored the word

17  "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection,

18  the producing party, to the extent practicable, shall identify the protected portion(s).

19       5.3     Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

20  designate qualified information or items does not, standing alone, waive the designating party's

21  right to secure protection under this agreement for such material. Upon timely correction of a

22  designation, the receiving party must make reasonable efforts to ensure that the material is

23  treated in accordance with the provisions of this agreement.

24       6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

25       6.1     Timing of Challenges. Any party or non-party may challenge a designation of

26  confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality

designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

burdens, or a significant disruption or delay of the litigation, a party does not waive its right to

challenge a confidentiality designation by electing not to mount a challenge promptly after the

original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute

regarding confidential designations without court involvement. Any motion regarding

confidential designations or for a protective order must include a certification, in the motion or in

a declaration or affidavit, that the movant has engaged in a good faith meet and confer

conference with other affected parties in an effort to resolve the dispute without court action. The

certification must list the date, manner, and participants to the conference. A good faith effort to

confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court

intervention, the designating party may file and serve a motion to retain confidentiality under

Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

persuasion in any such motion shall be on the designating party. Frivolous challenges, and those

made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on

other parties) may expose the challenging party to sanctions. All parties shall continue to

maintain the material in question as confidential until the Court rules on the challenge.

7.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN

OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels

disclosure of any information or items designated in this action as "CONFIDENTIAL," that

party must:

(a)      promptly notify the designating party in writing and include a copy of the

subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in

1 the other litigation that some or all of the material covered by the subpoena or order is subject to

2 this agreement. Such notification shall include a copy of this agreement; and

3         (c)        cooperate with respect to all reasonable procedures sought to be pursued by the

4 designating party whose confidential material may be affected.

5         8.        UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6         If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential

7 material to any person or in any circumstance not authorized under this agreement, the receiving

8 party must immediately (a) notify in writing the designating party of the unauthorized

9 disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material,

10 (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of

11 this agreement, and (d) request that such person or persons execute the "Acknowledgment and

12 Agreement to Be Bound" that is attached hereto as Exhibit A.

13         9.        INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

14 PROTECTED MATERIAL

15         When a producing party gives notice to receiving parties that certain inadvertently

16 produced material is subject to a claim of privilege or other protection, the obligations of the

17 receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This

18 provision is not intended to modify whatever procedure may be established in an e-discovery

19 order or agreement that provides for production without prior privilege review. The parties

20 agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

21         10.        NON TERMINATION AND RETURN OF DOCUMENTS

22         Within 60 days after the termination of this action, including all appeals, each receiving

23 party must return all confidential material to the producing party, including all copies, extracts

24 and summaries thereof. Alternatively, the parties may agree upon appropriate methods of

25 destruction.

26         Notwithstanding this provision, counsel are entitled to retain one archival copy of all

1  documents filed with the Court, trial, deposition, and hearing transcripts, correspondence,

2  deposition and trial exhibits, expert reports, attorney work product, and consultant and expert

3  work product, even if such materials contain confidential material.

4  The confidentiality obligations imposed by this agreement shall remain in effect until a

5  designating party agrees otherwise in writing or a court orders otherwise.

6  IT IS FURTHER ORDERED that pursuant to Federal Rule of Evidence 502(d), the

7  production of any documents in this proceeding shall not, for the purposes of this proceeding or

8  any other proceeding in any other court, constitute a waiver by the producing party of any

9  privilege applicable to those documents, including the attorney-client privilege, attorney work-

10  product protection, or any other privilege or protection recognized by law.

11  DATED this 23rd day of January 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____of _____, declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Western District of Washington on _____, in the case of

*Li Liu v. Keegan Kell,* No. C17-0640-JCC. I agree to comply with and to be bound by all the

terms of this Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Western District of Washington for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____